BENJAMIN B. WAGNER
United States Attorney
Elana S. Landau
Michael S. Frye
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone:  (559) 497-4000
Facsimile:   (559) 497-4099

Attorneys for the
   United States of America

# IN THE UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

      Plaintiff,

v.

MAURICE HUNT

      Defendant.

1:13-cr-00189 LJO

CASE NO.  ~~1:13SW-00150SKO~~

APPLICATION FOR WARRANT
AND ORDER DETAINING MATERIAL
WITNESS; ~~[PROPOSED]~~ ORDER

18 U.S.C § 3144

## I.

## INTRODUCTION

    The United States, by its attorneys, Benjamin B. Wagner, United States Attorney, Elana Landau, Assistant United States Attorney, and Michael S. Frye, Assistant United States Attorney, hereby seeks an order pursuant to 18 U.S.C. § 3144 for an warrant and an order for the arrest and detention of the confidential victim who is a material witness in the trial of Maurice Hunt, currently scheduled to commence August 6, 2013.

    The defendant is charged with sex trafficking in violation of 18 U.S.C. §1591(a)(1) along with charges relating to dissuading of and tampering with witnesses.  The victim in this matter was 13 years old at the time of the events alleged in the Indictment. The government contends the defendant knew or

1    should have known that she was a minor and/or he used violence to control and to force her to prostitute

2    herself for him.

3

**II.**

4

**FACTS**

5

6       The victim, currently 15 years old, is a repeated runaway.  She was raised by her grandmother.

7    However, her grandmother has been unable to control her and as such cannot guarantee her ability to

8    bring the victim to court for trial. (See attached Affidavit of Nicholas Pottratz)

9       A central component to this case is the victim's status as a runaway.  She left home in late

10    September or early October 2011and within a short time was engaged in prostitution, first on behalf of

11    an individual named "Geronimo" and, once "Geronimo" was arrested, on behalf of the defendant.   On

12    October 17, 2011, while working for the defendant, her uncle observed her in a high-prostitution area

13    and took her home. On October 19th she spoke with officers about the defendant and their activities. By

14    October 21, 2011, she had run away again and her grandmother had not been able to locate her. On

15    November 2, 2011, she was observed in a high-prostitution area.  When she spoke with officers at that

16    time she was clear that she did not want to testify in this case and that she would continue to prostitute

17    herself. Her grandmother was contacted and confirmed that the victim had run away, that she had not

18    been able to locate her and that she was too old to care for the victim and keep her out of trouble.

19    Consequently, she was turned over to CPS, but minutes after the officers departed the victim left without

20    consent of the CPS worker and a runaway report was filed.

21

22       In February 2013, within 24 hours of being released from Fresno County's Juvenile Hall, she ran

23    away.

24

25       In June 2013 she ran away within 72 hours of being released from Fresno County's Juvenile

26    Hall.   Once this matter was set for trial, law enforcement attempted to reach the victim through various

27

28

Application for warrant and order detaining witness

methods with little success. This includes attempting to reach her through her Facebook account, email, by telephone, and searching the streets for her.

On Monday July 29, 2013, FBI Agent Nicholas Pottratz was able to speak with her over the phone, at which time she said she did not want to testify and, due to a warrant, did not want to meet with the him. On Wednesday July 31, 2013, she was arrested and detained at Fresno County Juvenile Hall. On Thursday August 1, 2013, Agent Pottratz and counsel for the government met with the victim. At that time she said she would be willing to come to court and testify, but was equivocal about where she would be staying once released from Juvenile Hall. Based information provided by Juvenile Probation, the victim is scheduled to be released on Sunday August 4. Agent Pottratz met again with the victim on August 2 at which time he learned, among other things, of her plans to travel to Stockton to attend a birthday on August 10 and that once released from Juvenile Hall she would not be staying with her grandmother.

On August 2, 2013, the victim's grandmother was contacted by telephone. She was not aware the victim was scheduled to be released from Juvenile Hall on Sunday August 4, had not attended the victim's court hearing on August 1 in Juvenile Hall and, based on her prior experiences with the victim, had no confidence in her ability to bring the victim to court to testify.

## III.

## LAW

Title 18 of the United States Code section 3144 permits a party to seek an order for the arrest of a witness whose testimony is material in a criminal proceeding upon a showing that "it may become impracticable to secure the presence of the person by subpoena." Once arrested, the person is entitled to a detention hearing and other procedural safeguards set forth in 18 U.S.C. § 3142. Further, a witness unable to comply with a condition of release should not be detained if the witness's testimony can

Application for warrant and order detaining witness

"adequately be secured by a deposition, and if further detention is not necessary to prevent a failure of justice."

A warrant for a material witness must be on a finding of probable cause based on two criteria: **first**, that the testimony of the witness is material and, **second,** that it may become impracticable to secure attendance though a subpoena.  United States v. Feingold 416 F. Supp 627.

### III.

### ARGUMENT

Addressing the first of the two factors outlined in Feingold, the victim in this matter is a material witness whose testimony goes to the heart of the government's case with respect to Count One, sex trafficking of a minor by force, fraud or coercion: she is the minor who was prostituted by the defendant. She is the primary -- if not sole -- witness on critical aspects of this count, including the defendant's use of force and coercion and the existence of fear that compelled her to prostitute herself for the defendant.

Turning to the second factor, under the circumstances presented it is impracticable to secure the victim's testimony though a subpoena.  The victim is a perpetual runaway who, by all appearances, continues to engage in prostitute.  She has been very difficult to locate and in the past has unequivocally expressed a lack of interest in testifying in this matter.  Although on August 1, 2013, while in Fresno County Juvenile Hall she expressed a willingness to come to court and testify, this was the first time she had taken this position.  However, at that time and during the interview the following day, she was clear that once released from Juvenile Hall she would not be staying with her grandmother and did not provide information about where she would be staying   Given her prior history of being a juvenile runaway, difficulties the government has experienced in locating her in the past, her previously stated unwillingness to testify, it is unlikely she will appear to testify, even if subpoenaed.  In addition, considering the facts underlying the charges – including allegations of violence by the defendant towards her – it is anticipated she will be fearful of testifying.

4

Finally, with respect to the adequacy of a securing the victim's testimony through a deposition, the government believes that this is a matter that should be taken up in court when defense counsel has had an opportunity to provide input.

## IV.

## CONCLUSION

The victim in this matter is a material witness who has in the past demonstrated an unwillingness to testify, who has been difficult to locate and who is unlikely to appear, even if subpoenaed. As such, sufficient grounds exist for a warrant and an order detaining her at Fresno County Juvenile Hall.  The government proposes that during the settlement conference scheduled for Monday August 5 that issue relating to this witness and her detention be addressed at that time.


Dated: August 2, 2013                                Respectfully submitted,

                                                     BENJAMIN B. WAGNER
                                                     United State Attorney

                                              By: _____
                                                     MICHAEL S. FRYE
                                                     Assistant U.S. Attorney

Application for warrant and order detaining witness

## AFFIDAVIT OF NICHOLAS POTTRATZ

1. I have been employed as a Special Agent of the FBI for approximately seven (7) years, and am currently assigned to the Sacramento Division, Fresno Resident Agency.

2. During my employment with the FBI, I have been assigned to investigate violations of federal law that involve violent crimes against children such as juvenile prostitution and kidnappings, white collar crime, and other violent crimes which are violations of federal law. I have gained experience in the conduct of such investigations through training in seminars, classes, and everyday work related to conducting these types of investigations.

3. I have received training and gained experience in interviewing and interrogation techniques, arrest procedures, search warrant applications, the execution of searches and seizures, in addition to various other criminal laws and procedures throughout the conduct and execution of my assigned duties.

4. I have been extensively involved in the investigation of Maurice Hunt in this matter. In this capacity I have personally spoken with the confidential victim in this case, her grandmother, witnesses and have reviewed the reports in this matter. I make the following representations based on my personal experienced with the victim, my conversations with others (including law enforcement) and my review of reports in this case.

5. The victim is current 15 years old and was raised by her grandmother.

6. The victim is a runaway who has been engaged in prostitution. Based on a review of police reports and conversation that I have been involved with, the victim left home in late September or early October 2011and within a short time was engaged in prostitution. She was first involved with an individual named "Geronimo" but once "Geronimo" was arrested then began working with Maurice Hunt. On October 17, 2011, while working for the defendant, her uncle observed her in a high-prostitution area and took her home. On October 19th she spoke with officers about

6

the defendant and their activities.  By October 21, 2011, the victim had run away again. Her

grandmother was contacted and said she had not been able to locate her.  On November 2, 2011,

she was observed in a high prostitution area.  When she spoke with officers at that time she was

clear that she did not want to testify against Maurice Hunt, that she would continue to prostitute

herself and refused to be taken home. Her grandmother was then contacted and confirmed that

the victim had run away, that she had not been able to locate her and that she was too old to care

for the victim and keep her out of trouble.  Consequently, she was turned over to CPS, but

minutes after the officers departed the victim left without consent of the CPS worker and a

runaway report was filed.

7. In October 2012 she ran away and was located in Santa Maria in a high-prostitution area.

8. In February 2013, within approximately 24 hours of being released from Fresno County's

   Juvenile Hall she ran away and was recovered by Anaheim Police Department.

9. In June 2013 she ran away within approximately 72 hours of being released from Fresno

   County's Juvenile Hall.

10. Once this matter was set for trial, I and other members of law enforcement attempted to reach the

    victim through various methods. This included attempting to reach her through her Facebook

    account, email and through telephone in addition to searching the streets for her.

11. On Monday July 29, 2013, I was able to speak with her over the phone, at which time she said

    she did not want to testify and, due to a warrant, did not want to meet with me.

12. On Wednesday July 31, 2013, the victim was arrested and detained at Fresno County Juvenile

    Hall.

13. On Thursday August 1, 2013,  Elana Landau, Michael Frye and I met with the victim.  At that

    time she said she would be willing to come to court and testify, but was unclear about where she

Application for warrant and order detaining witness

would be staying once released from Juvenile Hall. I learned from the Juvenile Probation Department that the victim is scheduled to be released on Sunday August 4.

14. On August 2 I met again with the victim, at which time she told me of plans to travel to Stockton on August 10 for a birthday. She also said she would not be staying with her grandmother and did not provide me with a location where she would be staying.  Further, she spoke to me about the advantages of no longer being on probation: when caught by the police she would be taken to CPS where she could then walk away without consequence.

15. On August 2, 2013, I was present when Elana Landau contacted the victim's grandmother by telephone.  Her grandmother was not aware the victim was scheduled to be released from Juvenile Hall on Sunday August 4, had not attended the victim's court hearing on August 1 in Juvenile Hall and, based on her prior experiences with the victim, had no confidence in her ability to bring the victim to court to testify.

I, Nicholas Pottratz declare under penalty of perjury that the factual representations set forth are true and correct to the best of my knowledge and belief.


DATED: August 2, 2013


*Nicholas Pottratz*   8/2/2013
Nicholas Pottratz

Application for warrant and order detaining witness

1 | BENJAMIN B. WAGNER
United States Attorney
2 | Elana S. Landau
Michael S. Frye
3 | Assistant United States Attorney
2500 Tulare Street, Suite 4401
4 | Fresno, CA 93721
Telephone: (559) 497-4000
5 | Facsimile:  (559) 497-4099

6 |
Attorneys for the
7 |   United States of America

8 |
                    IN THE UNITED STATES DISTRICT COURT
9 |
                    EASTERN DISTRICT OF CALIFORNIA
10 |

11 |                                        **1:13-cr-00189 LJO**
UNITED STATES OF AMERICA,                CASE NO.   ~~1:13SW-00150SKO~~
12 |
           Plaintiff,                     ORDER DETAINING MATERIAL WITNESS
13 |
v.
14 |
15 | MAURICE HUNT                          18 U.S.C § 3144
16 |         Defendant.

17 |

18 |        Upon application of the United States of America pursuant to 18 U.S.C. § 3144 for a warrant and

19 | order for the arrest and detention of the confidential victim who is a material witness in this matter,

20 |        I hereby find that the affidavit of Nicholas Pottratz provides probable cause demonstrating that

21 | the confidential victim in this case is a material witness whose presence at trial cannot practicably be

22 | secured through a subpoena;

23 |        Therefore, **IT IS ORDERED** pursuant to 18 U.S.C. § 3144 that the confidential victim shall be

24 | detained at Fresno County Juvenile Hall and delivered to United States District Court, Courtroom #4,

25 | located 2500 Tulare Street, Fresno California on August  5  ,2013,  for further proceedings.

26 |

27 |        Dated August 2, 2013          ___/s/ Lawrence J. O'Neill___
                                          THE HONORABLE LAWRENCE J. O'NEILL
28 |                                       DISTRICT COURT JUDGE

                                    9