# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| United States of America, | 1:13-CR-00189-LJO |
|---|---|
| Plaintiff, | **ORDER DENYING WITHOUT PREJUDICE AS PREMATURE DEFENDANT'S REQUEST TO TOLL THE PERIOD FROM 05/23/2017 - 07/19/2017 FROM THE 1-YEAR PERIOD TO FILE A 2255 MOTION (ECF No. 152)** |
| v. | |
| MAURICE HUNT, | |
| Defendant. | |

    Maurice Hunt ("Defendant"), a prisoner in federal custody, filed a request that this Court "Toll the Period from 5/23/2017 to 7/19/2017 from the 1 yr. Period to File a 2255 Motion on Grounds Defendant was in Transit and Did Not Possess His Legal Material." ECF No. 152. In his Request, Defendant explains that his personal and legal property was unavailable to him between 5/23/2017 and 7/19/2017 due to matters beyond his control, including his transfer from Coleman 1-USP to Terre Haute-USP. *Id*. He indicates that, while he is "diligently preparing" his 2255, he anticipates that due to the frequent lockdowns at his current place of incarceration and his recent transfer, he may need additional time. *Id*.

1

Section 2255 provides, in relevant part:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). The Ninth Circuit has held that the statute of limitations contained in § 2255 is subject to equitable tolling. *See United States v. Battles*, 362 F.3d 1195, 1197 (9th Cir. 2004). For equitable tolling to apply, a defendant must prove that extraordinary circumstances beyond his control made it impossible to file a timely petition, and the extraordinary circumstances were the cause of the untimeliness. *Id*.

However, equitable tolling only applies when a defendant has filed a § 2255 Petition after the applicable statute of limitations period has passed. Here, Petitioner has not yet filed a § 2255 Petition, let alone late-filed any such Petition. "A federal court lacks jurisdiction to consider the timeliness of a § 2255 petition until a petition is actually filed." *United States v. Leon*, 203 F.3d 162, 164 (2d Cir. 2000). Thus, this Court lacks jurisdiction to consider extending the time for Petitioner's filing unless and until such a petition is actually filed, because there otherwise is no case or controversy within the meaning of Article III of the Constitution. *See Jackson v. Warden at Ironwood State Prison*, No. LA CV 15-06779-VBF(GJS), 2015 WL 5445998, at *2 (C.D. Cal. Sept. 16, 2015); *Gordon v. United States, No*. C12-0205-JCC, 2012 WL 2061610, at *1 (W.D. Wash. June 7, 2012); *United States v. Matsunaga*, No. CR. 99-473 SOM 01, 2009 WL 3124770, at *1 (D. Haw. Sept. 29, 2009); *Soto v. Warden*, No. CV 09-2377 AHM (JC), 2009 WL 1705471, at *1 (C.D. Cal. June 16, 2009); *Ford v. Warden*, No. 08-4304-CAS(E),

2008 WL 2676842, at *1 (C.D. Cal. July 7, 2008); *Leon*, 203 F.3d at 164. Accordingly, because the Court may only consider Petitioner's equitable tolling showing if presented alongside a late-filed § 2255 Petition, Defendant's Request is DENIED WITHOUT PREJUDICE AS PREMATURE.

IT IS SO ORDERED.

    Dated: **September 5, 2017**        /s/ Lawrence J. O'Neill
                                                  UNITED STATES CHIEF DISTRICT JUDGE