# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | 1:13-cr-00189-LJO |
|---|---|
| **Plaintiff,** | **ORDER RE MISCELLANEOUS NOTICES AND MOTIONS** |
| v. | |
| MAURICE HUNT, | |
| **Defendant.** | |

On October 5, 2017, Maurice Hunt ("Petitioner"), a prisoner in federal custody, filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("2255 Petition"). ECF No. 155. Since then, he has filed six documents (including "motions," "notices," and "objections"), making various requests and statements. This Order addresses all those currently pending. Petitioner is warned that future filings will be screened to determine whether they bring motions or raise issues that are grounded in applicable rules of procedure. For example, he may no longer attempt to raise issues outside this framework by filing "Notices."

On October 6, 2017, having reviewed preliminarily the 2255 Petition, which is more than 200

1

pages long and raises 44 grounds for relief, the Court set a briefing schedule that afforded the government until January 12, 2018, to respond. ECF No. 157. On October 19, 2017, Defendant objected to that schedule and requested a more expedited timeline, claiming that the parties are "familiar with the facts of this matter" and that he has made a "prima facie showing" that his convictions were obtained in violation of his constitutional rights. ECF No. 159. These objections are OVERRULED. The response period is reasonable and necessary under the circumstances.

On October 19, 2017, Petitioner filed a "Notice pursuant to the mailbox rule" to which he attaches an inmate mailing authorization form as well as a certified mail receipt related to the filing of his 2255 Petition. ECF No. 158. The Court may deem it appropriate to consider those documents when it rules on the merits of his Petition, if timeliness appears to be an issue.

Also on October 19, 2017, Petitioner filed another "Notice" pointing out, correctly, that the undersigned recused himself in the matter of *Hunt v. Eastern District of California*, 1:14-cv-2058 AWI SAB. ECF No. 161. That recusal was entered because the undersigned could have become a witness in that civil case, which brought claims against Petitioner's trial counsel and the Court reporter concerning the nature and production of transcripts from Petitioner's underlying criminal trial. ECF No. 161. Petitioner suggests that the undersigned "may consider"' if recusal would be appropriate in the present case. *Id*. To the extent that this is a motion for recusal, it is DENIED. Petitioner asserts here that there was legal error at his trial. Proof of any such error would come from the record in this case, so there would be no need for the undersigned to be called as a witness. Moreover, it is routine for trial judges to preside over habeas petitions that raise the kinds of claims raised here.

Again on October 19, 2017, Petitioner filed a "Motion" requesting that the Court order the Clerk of Court to "clearly mark" envelopes from the Court as "Legal/Special Mail." ECF No. 160. The Clerk of Court sends mail in envelopes marked as coming from the Court. The Court understands that the Bureau of Prisons automatically treats any such mail as "Legal/Special Mail." To the extent that Plaintiff believes this practice is not being followed, he must take that issue up with prison officials in the first instance.

On November 14, 2017, Petitioner filed a "Motion" requesting clarification of the role of his trial counsel Katherine Hart in this case. ECF No. 162. Ms. Hart served as Petitioner's counsel at the start of his appeal, but was later replaced by Mr. Barry L. Morris. Ms. Hart remains listed as Petitioner's counsel on this Court's docket, however, because Mr. Morris never made (because he was never required to make) an appearance on Petitioner's behalf in this Court after his appointment to finish the appeal. This Court does not replace counsel on a docket unless and until new counsel makes an appearance, so Ms. Hart remains listed on the docket of this case. This is, however, irrelevant to Mr. Hunt's 2255 Petition, as he is proceeding pro se on that motion.

Finally, on November 14, 2017, Petitioner also requested that this Court order the preparation of a transcript of the hearing dated 6/17/13[1], so that Petitioner can use it to support an argument within his 2255 Petition that he was denied his right to self-representation and his right to a speedy trial. ECF No. 163. To the extent a defendant requests a free copy of this transcript, 28 U.S.C. § 753(f) provides that the United States shall pay the fee for transcripts furnished in criminal proceedings under the Criminal Justice Act, *codified at* 18 U.S.C. § 3006A, or in a non-frivolous habeas corpus proceedings where the defendant has been permitted to proceed in forma pauperis. *United States v. Lucatero*, No. 05-cr-0443-WBS, 2007 WL 1747077, at *1 (E.D. Cal. June 18, 2007) (citing 28 U.S.C. § 753(f)). "A prisoner is not constitutionally or statutorily authorized to receive free copies of transcripts simply because he intends to bring a § 2255 petition for post-conviction relief in the future." *Id*. 28 U.S.C. § 753(f) further provides that fees for transcripts in § 2255 proceedings shall be paid by the United States under the statute if the defendant is "permitted to sue or appeal in forma pauperis," <u>and</u>, "if the trial judge … certifies" that (1) "the suit or appeal is not frivolous;" <u>and</u>, (2) "that the transcript is needed to decide the issue presented by the suit or appeal." The Court cannot determine on the present record whether Petitioner's self-representation and speedy trial arguments have any merit and/or whether the transcript would have any bearing on those matters. Also, the United States may request the preparation of the trial transcript in

---

[1] Petitioner's motion actually references a 6/17/17 hearing. Because no such hearing took place and because Petitioner has previously requested a 6/17/13 hearing transcript, the Court assumes he is again requesting a transcript of the 6/17/13 hearing. *See* ECF No. 19.

3

order to prepare its opposition, in which case, provision thereof to Defendant by the Court may be less expensive. Therefore, this request shall be HELD IN ABEYANCE. The Court will rule upon it after having an opportunity to review the government's opposition, which will aid the Court's determination of frivolousness.

IT IS SO ORDERED.

Dated: **November 17, 2017**     **/s/ Lawrence J. O'Neill**
UNITED STATES CHIEF DISTRICT JUDGE