# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | 1:13-cr-00189-LJO |
| Plaintiff, | **MEMORANDUM DECISION AND ORDER RE PETITIONER'S MOTION FOR TRANSCRIPT OF HEARING HELD 6/17/2013 AND ORDER SETTING DEADLINE FOR REPLY IN SUPPORT OF PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT HIS SENTENCE PURSUANT TO 28 U.S.C. § 2255** |
| v. | |
| **MAURICE HUNT,** | |
| Defendant. | |
| | **(ECF No. 163)** |

On October 5, 2017, Maurice Hunt ("Petitioner"), a prisoner in federal custody, filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("2255 Petition"). ECF No. 155. Prior to the filing of the 2255 Petition, on May 8, 2017, Petitioner filed a request entitled "Motion: In Preparation for Defendants [sic] Soon To Be Filed 2255 Motion," in which he requested that this Court provide him with a certified transcript of the pre-trial proceedings in this matter dated June 17, 2013. ECF No. 149. The Court noted in a written order dated May 11, 2017, that the transcript at issue involved a closed hearing took place on that date before Magistrate Judge Sheila K. Oberto on Defense Counsel Carl Faller's motion to withdraw. ECF No. 150 (citing ECF No. 19). The Court further noted that as of the date of that Order, no transcript has been prepared for that hearing. *Id.* at 1. The Court denied Petitioner's request for a transcript without prejudice, permitting Petitioner to "renew this request as part of a filing that sets forth non-frivolous grounds for a § 2255 Petition and explains why the transcript is needed to pursue any such ground for relief." *Id.* at 2.

1

Following the filing of Petitioner's 2255 Petition, which is more than 200 pages long and raises 44 grounds for relief, Petitioner renewed his request for a transcript of the closed hearing held on June 17, 2013.[1] ECF No. 163. Petitioner asserts in that motion that the hearing transcript will contain "[e]vidence in support of" two grounds for relief raised in his 2255 Petition: that his appellate counsel rendered ineffective assistance of counsel through failure to raise a violation of the Speedy Trial Act and through failure to raise that he was "denied his right to self-representation." *Id*. (citing Grounds 38 and 39 of his 2255 Petition). The Court held Petitioner's motion for the transcript in abeyance until the Government had an opportunity to file an opposition to Petitioner's 2255 Petition, both because the Government might itself request a copy of that transcript and because the Government's opposition would aid in determining "whether Petitioner's self-representation and speedy trial arguments have any merit and/or whether the transcript would have any bearing on those matters." ECF No. 164 at 3. As the Court explained in that order, whether Petitioner is entitled to a free transcript is governed by 28 U.S.C. § 753(f), which provides in pertinent part: "Fees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose **if the trial judge** or a circuit judge **certifies that the suit or appeal is not frivolous and** that the transcript is **needed to decide the issue presented by the suit or appeal**." (Emphases added.)

The 2255 Petition argues in Ground 38 that his appellate counsel rendered in effective assistance of counsel in failing to raise a violation of the Speedy Trial Act on direct appeal. 2255 Petition at 187-92.[2] He contends that the exclusion of 20 days, to resolve a pretrial motion, from the 70-day mandate of the Speedy Trial Act was done in error and that appellate counsel's failure to develop this argument on direct appeal amounted to ineffective assistance of counsel.

---

[1] Petitioner's motion actually references a 6/17/17 hearing. Because no such hearing took place and because Petitioner has previously requested a 6/17/13 hearing transcript, the Court assumes he is again requesting a transcript of the 6/17/13 hearing. See ECF No. 19.

[2] The page numbers refer to the PDF page number, not the handwritten number at the top of the page.

The Government's opposition states that the Government did not request a copy of the transcript of the hearing held June 17, 2013, because the transcript is not necessary to resolution of the issues Petitioner raised in his 2255 Petition. ECF No. 175 ("Opp.") at 4 n.3. The magistrate judge set a briefing schedule on May 28, 2013, with a hearing date of June 17, 2013, to address counsel's motion to withdraw, and excluded those 20 days from the Speedy Trial Act calculation. ECF No. 16. The parties in fact agreed to exclude the time under the Speedy Trial Act, and the magistrate judge made a finding that "good cause exists and that the ends of justice outweigh the interest of the public and the defendant in a speedy trial." ECF No. 16; *see also* ECF No 20 (same). Petitioner moved for a *Marsden* hearing to disqualify his counsel for failure to raise Speedy Trial Act objections, ECF No. 36, and moved *pro se* to dismiss the indictment against him prior to the trial on Speedy Trial Act grounds, ECF No. 37. His counsel opposed the motion and included an affidavit in support that explained why there was no basis for a Speedy Trial argument. ECF No. 38. The Court denied both of the motions, concluding that "the speedy trial issue is NOT viable." ECF Nos. 45, 46. The Government's opposition to the 2255 Petition also includes a declaration from Petitioner's counsel on direct appeal, Katherine Hart, that explains that she carefully examined the Speedy Trial Act argument when preparing the appellate papers and concluded that there was no violation. ECF No. 175-1 at ¶ 18.

Petitioner does not explain why the transcript from the closed hearing held on his counsel's motion to withdraw would be relevant to the legal determination whether the 20 days were properly excluded under the Speedy Trial Act, except to state that appellant counsel's review of the transcript of the hearing held on June 18, 2013, appointing new counsel, "would have clearly put appellate-counsel on notice that significant issues were raised the day before." 2255 Petition at 192. What significant issues arose at the hearing on the motion to withdraw, or how these would have affected the determination of the Speedy Trial Act argument he has raised, are left unsaid. Whether the Court erred when it excluded the 20 days from the Speedy Trial Act calculation pursuant to 18 U.S.C. § 3161(h) to resolve a pretrial motion—following agreement of the parties to do so—is a matter capable of resolution

3

without relying on the contents of the closed hearing on defense counsel Carl Faller's motion to withdraw as counsel on June 17, 2013.

The second issue that Petitioner has identified as an issue in his 2255 Petition that requires the hearing transcript is his argument that appellate counsel rendered ineffective assistance of counsel by failing to argue that Petitioner was denied the right to represent himself at trial. 2255 Petition at 193-94 (Ground 39). At the hearing on Mr. Faller's motion to withdraw as counsel, Petitioner announced his intention to represent himself. 2255 Petition at 193. The magistrate judge convened a hearing the following day, June 18, 2013, on the matter, and "[a]fter much discussion" denied his motion and appointed counsel to represent him.[3] ECF No. 20. The Government notes in its opposition that Petitioner was ultimately permitted to represent himself at trial and argues that Petitioner has forfeited any arguments concerning the appointment of counsel at the hearing held on June 18, 2013, because his newly appointed counsel represented to the court at a hearing three days later that he believed that he and petitioner were working well together and that Petitioner refused at that hearing to respond to multiple inquiries by the magistrate judge about whether he was satisfied with his representation. ECF No. 22.

The Court finds that the transcript of the hearing on Mr. Faller's motion to withdraw is immaterial to Petitioner's argument. When he communicated at the June 17, 2013, hearing that he wished to represent himself, the magistrate judge ordered a hearing on the matter to take place the following day. It is that hearing, where the magistrate judge denied his motion and appointed counsel to represent him, that is even potentially related to his argument. The transcript of the hearing on whether his initial appointed counsel would be permitted to withdraw is not "needed to decide the issue" whether his appellate attorney rendered ineffective assistance of counsel by failing to argue on direct appeal that he was denied his right to represent himself. The transcript of the hearing held on June 17, 2013, is not

---

[3] As his appellate counsel Ms. Hart put it in her declaration, she "saw that the courts were trying to be solicitous of his *Faretta* rights, yet conscious of the fact that there might be an issue of competency of Hunt to represent himself." ECF No. 175-1 at ¶ 18.

4

needed to decide either of the issues that Petitioner has identified.

Finally, the Court is in receipt of the Government's opposition to Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Petitioner shall have until **June 26, 2018**, to file a reply to the Government's motion.

### I. **CONCLUSION AND ORDER**

For the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. Petitioner's motion for transcript of hearing held 6/17/2013 is **DENIED**;
2. Petitioner's reply in support of his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is due **no later than June 26, 2018**.

IT IS SO ORDERED.

Dated:   **May 16, 2018**          /s/ Lawrence J. O'Neill
                                   UNITED STATES CHIEF DISTRICT JUDGE