# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>MAURICE HUNT,<br><br>        Defendant. | 1:13-cr-00189-LJO<br><br>**MEMORANDUM DECISION AND ORDER RE PETITIONER'S REQUEST FOR APPOINTMENT OF COUNSEL TO REPRESENT PETITIONER ON HIS MOTION TO VACATE, SET ASIDE, OR CORRECT HIS SENTENCE PURSUANT TO 28 U.S.C. § 2255 AND PETITIONER'S MOTION TO RECONSIDER ORDER DENYING MOTION FOR TRANSCRIPT OF HEARING HELD 6/17/2013**<br><br>**(ECF Nos. 179, 180)** |

      On October 5, 2017, Maurice Hunt ("Petitioner"), a prisoner in federal custody, filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("2255 Petition"). ECF No. 155. The Petition is more than 200 pages long and raises 44 grounds for relief. The Government filed its opposition on May 11, 2018. ECF No. 175. In an Order dated May 16, 2018, this Court denied Petitioner's request for the transcript of a hearing dated June 17, 2013, and set June 26, 2018, as the deadline for Petitioner's reply in support of his 2255 Petition. ECF No. 177.

      Petitioner requests the appointment of counsel for his 2255 Petition, arguing that the claims he has raised "are complex" and he "ha[s] difficulties explaining exactly what [he is] trying to say and would benefit from the assistance of counsel in communicating [his] position and points." ECF No. 179.

      There is no constitutional right to appointment of counsel for petitioners making a collateral

attack on a conviction. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("we have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions"); *Sanchez v. United States*, 50 F.3d 1448, 1456 (9th Cir. 1995) ("there is no constitutional right to counsel at a collateral, post-conviction section 2255 proceeding"). Nevertheless, "[t]he rules governing habeas proceedings mandate the appointment of counsel if necessary for the effective utilization of discovery procedures . . . or if an evidentiary hearing is required." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) (citing Rules Governing Section 2255 Proceedings, Rules 6(a) ("If necessary for effective discovery, the judge must appoint an attorney for a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A."), 8(c) ("If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A."). Appointment of counsel to represent indigent defendants is also required in 2255 proceedings "when the complexities of the case are such that denial of counsel would amount to a denial of due process." *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980). *See also Dillon v. United States*, 307 F.2d 445, 447 (9th Cir. 1962) (due process requires appointment of counsel "when the circumstances of a defendant or the difficulties involved in presenting a particular matter are such that a fair and meaningful hearing cannot be had without the aid of counsel").

Outside of these three mandatory situations, district courts are authorized under 18 U.S.C. § 3006A(a)(2) to appoint counsel in a section 2255 proceeding whenever "the court determines that the interests of justice so require" and the movant is financially eligible. "In deciding whether to appoint counsel in a habeas proceeding, the district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) (per curiam). *See also Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984) (finding no abuse of discretion where district court denied appointment of counsel in 2255 proceeding because "[a]lthough the appellant is over 60 years of age and has no background in the law, he thoroughly presented his issues in the habeas petition and the

accompanying memorandum of law"); *Franklin v. United States*, No. SACR 06-0166-DOC, 2014 WL 12691082, at *2 (C.D. Cal. Sept. 16, 2014) (declining to appoint counsel in 2255 proceedings where the petitioner "has demonstrated a good understanding of the matter at issue on remand and 'the ability to present forcefully and coherently his contentions'") (quoting *La Mere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987)); *Davis v. United States*, No. 1:07-CR-00255-EJL, 2016 WL 6471012, at *4 (D. Idaho Nov. 1, 2016) (denying appointment of standby counsel in 2255 proceeding because, *inter alia*, "record clearly shows the Petitioner is able to represent himself based on his filings articulating his legal and factual position/arguments"); *United States v. Mercado*, No. CR-07-2018-FVS-1, 2011 WL 573377, at *5 (E.D. Wash. Feb. 14, 2011) (denying appointment of counsel where "the defendant has demonstrated the ability to set forth those grounds he thinks justify relief under § 2255" and the parties' filings and record give the court "a reliable basis for assessing the validity of the grounds asserted by the defendant").

The Court declines to appoint counsel to assist with the 2255 Petition. Petitioner has failed to establish that any evidentiary hearing or discovery is required. Nor has he established that the issues are so complex that the denial of an appointment of counsel will deprive him of his right to due process. In his lengthy 2255 Petition, he presented a number of legal and factual issues that he believes warrant relief. "Given the information he has presented, given the information the government has presented, and given the Court's independent review of the record, the Court has a reliable basis for assessing the validity of the grounds" that Petitioner has asserted. *Mercado*, 2011 WL 573377, at *5. Petitioner has set forth the grounds he believes warrant relief, such that denial of counsel will not deny him a fair and meaningful hearing. That he believes he may "benefit from the assistance of counsel" is not enough to appoint one.

Accordingly, Petitioner's motion for appointment of counsel is DENIED.

Petitioner also moves for reconsideration of the Court's denial of his request for a transcript of the hearing held on June 17, 2013. The motion adds no new facts or law that change the Court's

analysis in the original Order.  Accordingly, the motion for reconsideration is likewise DENIED.

## I. CONCLUSION AND ORDER

For the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. Petitioner's motion for appointment of counsel to represent him on his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is **DENIED**;
2. Petitioner's motion for reconsideration of the Court's order denying his motion for transcript of hearing held 6/17/2013 is **DENIED**;
3. Petitioner's reply in support of his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 remains due **no later than June 26, 2018**.  If not submitted in a timely manner, the matter will be deemed submitted and no further pleadings will be considered.

IT IS SO ORDERED.

Dated: **June 5, 2018**        /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE