1

2

3

4

5

6

7

8                                   UNITED STATES DISTRICT COURT

9                              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11      UNITED STATES OF AMERICA,                     No.  1:13-cr-00189-NONE-SKO

12                      Plaintiff,

13              v.                                     ORDER REGARDING VARIOUS FILINGS
                                                       CONCERNING TRANSCRIPT
14      MAURICE HUNT,                                  PRODUCTION

15                      Defendant.                     (Doc. Nos. 222, 225, 229, 230, 232, 233)

16

17

18              On August 9, 2013, a jury found defendant Hunt guilty of one court of sex trafficking of a

19      minor or by force, fraud, and coercion in violation of 18 U.S.C. § 1591(a)(1); three counts of

20      corruptly endeavoring to influence, obstruct, or impede the due administration of justice in

21      violation of 18 U.S.C. § 1503; and two counts of witness tampering in violation of 18 U.S.C. §

22      1512(b)(1).  (Doc. No. 76.)  On October 28, 2013, the previously assigned district judge

23      sentenced petitioner to 600 months in the custody of the U.S. Bureau of Prisons pursuant to those

24      convictions.  (Doc. Nos. 98, 99.)

25              Defendant was not successful on direct appeal.  (Doc. Nos. 137, 141.)  On November 8,

26      2019, the court denied defendant's motion to vacate, set aside, or correct his sentence under 28

27      U.S.C. § 2255 ("2255 Motion").  (Doc. No. 201.)  Defendant's appeal from that ruling remains

28      pending before the Ninth Circuit Court of Appeals.  (*See* Doc. No. 202.)

                                                      1

1    On June 22, 2021, the Ninth Circuit granted appointed counsel's motion to withdraw as

2    defendant's counsel of record and allowed defendant to proceed *pro se* on the appeal regarding

3    his § 2255 Motion.  (Doc. No. 221.)  In its June 22, 2021 order, the Ninth Circuit also indicated:

4
5    Appellant's requests for transcripts (Docket Entry Nos. 34 and 38)
     are denied as unnecessary. The district court docket reflects that
     former counsel has ordered the transcripts. The district court will
6    provide the transcripts to appellant.

7    (*Id*. at 2.)

8    Thereafter, on July 6, 2021, plaintiff filed a request (Doc. No. 222) referencing his former

9    counsel's June 3, 2021 request for transcripts of proceedings held on "5/15/13, 5/20/13, 5/28/13,

10   6/18/13, 6/21/13, 6/24/13, 6/28/13, 7/1/13, 8/6/13, 8/7/13, 8/8/13, 8/9/13, 10/28/13" (Doc. No.

11   214).  Plaintiff indicated that his former counsel apparently failed to request a transcript of a

12   pretrial proceeding held on "6/17/13" and demanded that the court "immediately" send that

13   transcript to him.  (Doc. No. 222.)  Soon thereafter, the court mailed the transcripts that were the

14   subject of former counsel's request (Doc. No. 223 (docket annotation indicating transcripts

15   docketed at Docket Nos. 118, 119, 122, 123, 124, 125, 126, 127 and 128 were mailed to

16   defendant at USP Thomson, P.O. Box 1002, Thomson, IL 61285).)  The court also directed the

17   Clerk of the Court to arrange for transcription of the electronic recording of the hearing held in

18   this matter on June 17, 2013.  (Doc. No. 244.)  That last transcript was promptly produced and

19   sent to defendant as well.  (Doc. No. 277 (indicating that the June 17, 2013 transcript was mailed

20   to defendant).)

21   Thereafter, on July 27, 2021, defendant filed a document indicating that he had not yet

22   received the requested "designated transcripts."  (Doc. No. 225.)  Therein, he referenced an April

23   21, 2021 order issued by the Ninth Circuit, in which that court addressed defendant's request for a

24   certificate of appealability, granted defendant's request to proceed in forma pauperis, appointed

25   counsel on his behalf, and then stated:

26
27   This order authorizes production of transcripts at government
     expense.  *See* 28 U.S.C. § 753(f).  Appellant must provide a copy of
     this order to the reporter(s) along with the designation.

28   (Order, *United States of American v. Maurice Hunt*, No. 19-17337, Doc. No. 28 (9th Cir. April

1    21, 2021).)  Defendant asserted in a note at the bottom of his July 27, 2021 filing with this court

2    that the "copies of old 2014 transcripts are not in compliance with the 9th Circuit Order" and

3    argued that this court must produce to him "new 2021" transcripts.  (Doc. No. 225 at 1.)

4        Assuming (apparently erroneously) that defendant's primary concern was that he had not

5    received any transcripts at all, the court entered the following minute order on August 12, 2021:

6
            On July 27, 2021, the court received a notice from defendant
7            indicating that as of July 21, 2021, he had yet to receive any of the
            transcripts produced to him by the court.  The majority of those
8            transcripts were mailed to defendant on July 14, 2021.  According to
            U.S.P.S. tracking information, they were delivered to U.S.P.
9            Thomson on July 16, 2021.  The court assumes that the transcripts
            were still being processed by prison officials when defendant
10           reported on July 21, 2021 that he had yet to receive them.  The
            remaining hearing had to be transcribed from an electronic recording.
11           That transcript was mailed on August 11, 2021. Defendant is
            instructed to notify the court if he still has not received these
12           transcripts by August 27, 2021.

13   (Doc. No. 228 (docket citations omitted).)

14       Subsequently, the court has received several additional filings from defendant:

15   (1) a motion to produce transcripts "signed, certified, and dated after 4/21/2021" (Doc. No. 229,

16   filed August 17, 2021); (2) a "motion for sanctions" directed at the court reporter(s) for "failure to

17   comply" with the Ninth Circuit's April 21, 2021 order (Doc. No. 230, filed August 20, 2021);

18   (3) a motion requesting that the court inform him why he had yet to receive "designated"

19   transcripts (Doc. No. 232, filed August 23, 2021); and (4) a filing reiterating his assertion that this

20   court's provision of copies of transcripts produced in 2014 is an "attempt[] to circumvent" the

21   Ninth Circuit's April 21, 2021 order "requiring the [district court reporter(s)] to create/produce [ ]

22   new transcripts directly from the electronic shorthand notes and/or the electronic recordings"

23   (Doc. No. 233, filed August 30, 2021).[1]

24       Defendant apparently has "long . . . disputed" the accuracy of these transcripts as "having

25   extensive material inaccuracies."  (Doc. No. 233.)  He admits to having filed a lawsuit about these

26   _____

27   [1]  Defendant's assertion that this court has not been receiving his filings or is not docketing them
     (Doc. No. 233) is incorrect.  Due to the long-standing and well-recognized judicial emergency in
     this court caused by vacant authorized judgeships, the undersigned is presiding over 1300 civil
28   cases and criminal matters involving 735 defendants at last count.  Under these circumstances, it
     simply takes time for this court to review and respond to issues of this nature.

1    concerns. (*Id.* (citing *Hunt v. Eastern District of California, et al*, No. 1:14-cv-2058-AWI-SAB).)

2    That lawsuit was dismissed in 2015. (*See* 1:14-cv-2058-AWI-SAB, Doc. Nos 11, 12.) Defendant

3    appealed from that dismissal. (*See id.*, Doc. No. 14.) The Ninth Circuit denied his motion to

4    proceed *in forma pauperis* in connection with that civil appeal, having found the appeal frivolous.

5    (*See id.*, Doc. No. 24.) Thereafter, the civil appeal was dismissed. (*See id.*, Doc. No. 25)

6         Nothing in the Ninth Circuit's April 21, 2021 order (or elsewhere) supports defendant's

7    demand that new transcripts be created where transcripts of the proceedings in question have

8    already been produced to defendant. His assertion that the Ninth Circuit's use of the word

9    "designation" in its April 21, 2021 somehow triggers the obligation to re-transcribe transcripts

10    that have already been produced is without legal foundation and defendant cites no authority for

11    the same. Therefore, the court will not order the requested re-transcription to be done, and there

12    is no basis for the imposition of any form of sanctions against anyone. To the contrary, the term

13    "designation" is a (somewhat antiquated) word used in the Federal Rules of Appellate Procedure

14    to describe lists of items for a clerk of court to include in the record sent up on appeal. It is also

15    used in the appellate rule that concerns "Ordering the Transcript." *See* Ninth Cir. Fed. R. App. P.

16    10-2. The court is doing exactly what the Ninth Circuit ordered—sending defendant the

17    transcripts he (or his former counsel) requested/designated. Accordingly, to the extent any of the

18    above-described filings submitted by defendant constitute motions, they are all denied.

19         This is the only time the court will address the issue described above. Subsequent

20    attempts to raise this issue by defendant in this court will be disregarded. The court assumes that

21    defendant either already has or shortly will receive the last transcript of the recently transcribed

22    June 17, 2113 hearing as requested.

23    IT IS SO ORDERED.

24      Dated:   **September 1, 2021**                                         

25                                    UNITED STATES DISTRICT JUDGE

26

27

28